UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:23-CR-78-KAC-DCP-4 |
| CARROLL RICHARD MATTHEWS, | ) ) ) |
| Defendant. | ) ) |

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

This criminal action is before the Court on a "Motion to Dismiss Third-Party Claim" [Doc. 341] filed by the United States. On October 25, 2023, the Court ordered Defendant to forfeit his interest in various firearms and ammunition under 21 U.S.C. § 853 [Doc. 122 at 1-2]. On February 15, 2024, the United States filed a "Notice of Forfeiture" [Doc. 173], notifying any third-party possessing "a legal interest" in any of the property subject to forfeiture to petition the Court "for a hearing to adjudicate the validity of [any] alleged legal interest" in the property "within thirty (30) days of the final publication of [the] notice or receipt of written notice, whichever is earlier" [Doc. 173 at 2].

On June 20, Petitioner Carroll Reese Matthews, Defendant's father, filed a "Claim of Seized Asset" [Doc. 231]. Petitioner asserts that three (3) shotguns subject to forfeiture "belonged to [him]" until he "gave them to" Defendant [*Id.* at 1]. On August 14, the Court set a forfeiture hearing and ordered the United States to "file any motion to dismiss under Rule 32.2 by September 3, 2024" [Doc. 322 at 2]. The Court instructed Petitioner to "file any response" to a motion to dismiss filed by the United States by September 17, 2024 [*Id.*].

On September 3, the United States filed the instant Motion to Dismiss, arguing that Petitioner's claim fails to comply "with the requirements set forth in 21 U.S.C. §§ 853(n)(3), 853(n)(6) and Federal Rule of Criminal Procedure 32.2" [Doc. 341 at 1]. Petitioner failed to file any response, and the deadline to do so has passed [*See* Doc. 322].

Local Rule 7.2 provides that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." *See* E.D. Tenn. L.R. 7.2. Here, Petitioner failed to file any response to the United States's Motion to Dismiss. That failure is particularly salient because Petitioner bears the burden of establishing a legal interest in the forfeited firearms by a preponderance of the evidence. *See United States v. Akhtar*, No.17-2339, 2018 WL 5883930, at *1 (6th Cir. Sept. 19, 2018); *see also United States v. Salti*, 579 F.3d 656, 661 (6th Cir. 2009) ("The petitioner ultimately bears the burden of establishing the petitioner's third-party claim by a preponderance of the evidence."). At bottom, Petitioner's failure to timely respond constitutes "a waiver of any opposition to the relief sought." *See* E.D. Tenn. L.R. 7.2.

With no opposition from Petitioner, who bears the burden of establishing a legal interest in the forfeited firearms, the Court **GRANTS** the United States's "Motion to Dismiss Third-Party Claim" [Doc. 341] and **DISMISSES** Petitioner's "Claim of Seized Asset" [Doc. 231].

SO ORDERED.

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

2

Case 3:23-cr-00078-KAC-DCP   Document 350   Filed 10/01/24   Page 2 of 2   PageID #: 1472